UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANITA WASHINGTON,<br><br>    Plaintiff,<br><br>v.<br><br>CALIFORNIA CITY CORRECTION CENTER,<br>JOHN GUZMAN; AND DOES 1 TO 20,<br><br>    Defendants. | 1:10-cv-02031 OWW JLT<br><br>MEMORANDUM DECISION AND ORDER RE DEFENDANT'S MOTION TO STRIKE AND MOTION TO DISMISS SIXTH CLAIM FOR DEFAMATION<br><br>(DOC. 19, 20) |

## I.    INTRODUCTION

Plaintiff Anita Washington ("Plaintiff") proceeds with this action for damages against CCA of Tennessee, LLC ("CCA") (incorrectly sued as California City Correction Center) and John Guzman. Before the court are CCA's Motion to Strike Plaintiff's First Amended Complaint ("FAC") (Doc. 20) and Motion to Dismiss Plaintiff's Sixth Claim for Defamation (Doc. 19).

## II.    BACKGROUND

This action arises from alleged racial discrimination and retaliation by CCA, Plaintiff's former employer, and Mr. Guzman, CCA's Chief of Security and Plaintiff's former supervisor at CCA.

Plaintiff began employment at CCA as a Correction Officer on August 21, 2000 and was promoted to Sergeant in 2001. Plaintiff alleges that beginning in or about 2004, she was subject to severe and adverse employment actions: (i) racial harassment; (ii) retaliatory demotion in job duties and title; (iii)

1

retaliatory and false accusations of an inappropriate relationship with an inmate; and (iv) termination resulting from the false allegations, motivated by racial discrimination and retaliation. Plaintiff was terminated March 24, 2009.

On or about January 27, 2009, Plaintiff filed a Charge of Discrimination with the California Department of Fair Employment and Housing ("DFEH") for retaliation. On or about January 29, 2009, DFEH issued Plaintiff a Notice of Right to Sue. On August 31, 2009, Plaintiff filed a Complaint in state court, which CCA removed to federal court on October 29, 2010. Doc. 1.

On November 5, 2010, CCA filed a Motion to Dismiss the Complaint (Doc. 7), which was granted in part and denied in part with leave to amend (Doc. 12).

Plaintiff filed the FAC on February 14, 2011 (Doc. 15), a second FAC later that same day (Doc. 17), and a third FAC on February 22, 2011 (Doc. 18). CCA moves to strike Plaintiff's second and third FACs. Doc. 20. Plaintiff filed an opposition (Doc. 24), to which CCA replied (Doc. 25).

CCA also moves to dismiss Plaintiff's Sixth Claim for Defamation. Doc. 19. Plaintiff opposed the motion (Doc. 23), to which CCA replied (Doc. 26).

### III. MOTION TO STRIKE

A. **LEGAL STANDARD**

Rule 12(f) provides that the court "may order stricken from

2

any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that might arise from litigating spurious issues by dispensing with those issues prior to trial. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 114 S.Ct. 1023 (1994).

Federal Rule of Civil Procedure 15(a) provides in pertinent part:

> (a) Amendments Before Trial.
>    (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
>       (A) 21 days after serving it, or
>       (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>    (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).

### B.   DISCUSSION

CCA moves pursuant to Rule 12(f) to strike Plaintiff's second and third FACs, filed without prior leave of the court in violation of Rule 15(a). Plaintiff does not provide any law or analysis in opposition to CCA's motion. Rather, Plaintiff states she refiled the First Amended Complaint to correct minor clerical errors, and that CCA was not prejudiced by the subsequent

filings. Plaintiff argues that the FACs were timely filed pursuant to the court's order granting Plaintiff leave to amend.

The only difference between versions 1 and 2 of the FAC is the addition of a demand for a jury trial. The only difference between versions 2 and 3 of the FAC is the addition of this sentence under the Sixth Cause of Action for Defamation: "The said defamation was oral." Doc. 18, § 42.

Whether the second and third FACs must be stricken depends on whether the jury trial demand and allegation that the defamation was oral are: (1) an insufficient defense; (2) redundant; (3) immaterial; (4) impertinent; or (5) scandalous. Fed. R. Civ. P. 12(f); *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973-974 (9th Cir. 2010). First, a jury demand and allegation that the defamation was oral are not insufficient defenses. Second, the changes are not redundant, as they were not in the previous versions of the FAC. Third, a jury trial is material to the overall case and the allegation that the defamation was oral is essential to Plaintiff's defamation claim. *See id.* at 974 ("Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being plead.") (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 114 S.Ct. 1023 (1994)). Fourth, the jury trial demand is pertinent to the entire case and the

allegation that the defamation was oral is pertinent to Plaintiff's claim for defamation. *See id.* ("Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question."). Fifth, the new changes are not scandalous.

However, a demand for jury trial must be timely made in accordance with the provisions of Federal Rule of Civil Procedure 38. Rule 38(b) provides that:

> On any issue triable of right by a jury, a party may demand a jury trial by:
> (1) serving the other parties with a written demand--which may be included in a pleading--no later than 14 days after the last pleading directed to the issue is served; and
> (2) filing the demand in accordance with Rule 5(d).

Fed. R. Civ. P. 38(b). Here, the original Complaint and First Amended Complaint did not include a demand for a jury trial. The second and third versions of the First Amended Complaint contain a jury demand. Because Defendants have not yet filed an answer, the jury demand in the second First Amended Complaint is timely. *See Bentler v. Bank of Am. Nat'l Trust & Sav. Ass'n*, 959 F.2d 138, 141 (9th Cir. 1992) (holding that when defendants are jointly liable on a cause of action that contains "any issue triable of right by a jury," a jury demand as to that issue is timely if served within 10 days after service of the last defendant's answer). At the hearing, CCA's counsel stated that she does not contest Plaintiff's jury demand. This allegation need not be

5

stricken.

Rule 15(a) requires prior leave of the court to file an amended complaint after the defendants have filed a responsive pleading. The Memorandum Decision dated January 31, 2011 (Doc. 12) granted Plaintiff leave to file an amended complaint, not three amended complaints. Wright, Miller, Kane and Marcus's "Federal Practice & Procedure" explains:

> In general, if an amendment that cannot be made as of right is served without obtaining the court's leave or the opposing party's consent, it is without legal effect and any new matter it contains will not be considered unless the amendment is resubmitted for the court's approval. Some courts have held, however, that an untimely amended pleading served without judicial permission may be considered as properly introduced when leave to amend would have been granted had it been sought and when it does not appear that any of the parties will be prejudiced by allowing the change. Permitting an amendment without formal application to the court under these circumstances is in keeping with the overall liberal amendment policy of Rule 15(a) and the general desirability of minimizing needless formalities. On the other hand, a more restrictive attitude toward the failure of a party to proceed in the manner prescribed by the rule could be justified if it becomes necessary to discourage litigants from totally disregarding the requirements of subdivision (a).

6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, MARY KAY KANE & RICHARD L. MARCUS, FEDERAL PRACTICE & PROCEDURE § 1484 (3d ed. 2010).

If Plaintiff had sought leave to amend the FAC, it would have been granted. Courts consider four factors in determining whether to grant leave to amend under Rule 15(a): (1) undue delay, (2) bad faith, (3) futility of amendment, and (4) prejudice to the opposing party. *United States v. Pend Oreille*

*Pub. Util. Dist. No. 1*, 926 F.2d 1502, 1511 (9th Cir. 1991). Rule 15(a) is applied with "extreme liberality" in favor of allowing amendments. *See Jones v. Bates*, 127 F.3d 839, 847 n.8 (9th Cir. 1997). Absent prejudice, or a strong showing of any of the remaining factors, there is a presumption under Rule 15(a) in favor of granting leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("Prejudice is the 'touchstone of the inquiry under Rule 15(a)'"). "Where there is a lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith, it is an abuse of discretion" to deny leave to amend." *Pend Oreille Pub.*, 926 F.2d at 1511-1512 (citing *Howey v. United States*, 481 F.2d 1187, 1190-91 (9th Cir. 1973)).

Here, there was no undue delay because Defendants have not filed an answer, there is no scheduling order, the second FAC was filed on the same day as the original FAC, and the third FAC was filed a week later. The changes are not futile, and there are no allegations of bad faith or prejudice. In keeping with the extreme liberal policy of Rule 15(a), the second and third FACs will not be stricken. The third version of the FAC (Doc. 18) will be the operative FAC in this case.

Plaintiff's counsel shall strictly comply with Rule 15(a) in filing any additional amendments to the FAC, and shall familiarize himself with the Federal Rules of Civil Procedure.

CCA's motion to strike is DENIED.

## IV. IV. MOTION TO DISMISS

### A. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)). A complaint does not need detailed factual allegations, but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

In deciding a motion to dismiss, the court should assume the veracity of "well-pleaded factual allegations," but is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 127 S.Ct. at 1950. "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "'Naked assertion[s]' devoid of 'further factual enhancement'" are also insufficient. *Iqbal*, 127 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557). Instead, the complaint must contain enough facts to state a claim to relief that is "plausible on its face." *Twombly*, 550 U.S. at 570.

A claim has facial plausibility when the complaint's factual content allows the court to draw the reasonable inference that

8

the defendant is liable for the alleged misconduct. *Iqbal*, 127 S.Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). "A well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683 (1974)).

The Ninth Circuit summarizes the governing standard as follows: "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009)(quotations omitted).

If a district court considers evidence outside the pleadings, a Rule 12(b)(6) motion to dismiss must be converted to a Rule 56 motion for summary judgment, and the nonmoving party must be given an opportunity to respond. *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider certain materials-documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice-without converting the motion to dismiss into a motion for summary judgment." *Id*. at 908.

B. <u>DISCUSSION</u>

The tort of defamation involves: "(a) a publication that is (b) false, (c) defamatory, and (d) unprivileged, and that (e) has a natural tendency to injure or that causes special damage." *Taus v. Loftus*, 40 Cal.4th 683, 720, 151 P.3d 1185 (2007) (quoting 5 WITKIN, SUMMARY OF CALIFORNIA LAW (10th ed. 2005) Torts, § 529, 782. Defamation can take the form of slander or libel. Cal. Civ. Code § 44. Slander is an oral, unprivileged communication by radio or any mechanical or other means which:

> 1. Charges any person with crime, or with having been indicted, convicted, or punished for crime;
> 2. Imputes in him the present existence of an infectious, contagious, or loathsome disease;
> 3. Tends directly to injure him in respect to his office, profession, trade or business, either by imputing to him general disqualification in those respects which the office or other occupation peculiarly requires, or by imputing something with reference to his office, profession, trade, or business that has a natural tendency to lessen its profits;
> 4. Imputes to him impotence or a want of chastity; or
> 5. Which, by natural consequence, causes actual damage.

Cal. Civ. Code § 46. Words within the purview of Section 46 are slanderous per se, and are actionable without proof of special damage. *Albertini v. Schaefer*, 97 Cal.App.3d 822, 829, 159 Cal.Rptr. 98 (1979). Plaintiff's defamation claim implicates Section 46: Subsection 3, imputing a general disqualification in those respects which the office or occupation particularly requires; Subsection 4, a want of chastity; and Subsection 5, by

natural consequence causes actual damage in that it alleges inappropriate conduct with an inmate. The content of the defamation is sufficiently alleged. The motion to dismiss is DENIED on this ground.

CCA contends that the FAC does not adequately plead defamation because it does not allege publication to a third-party. Plaintiff does not address this argument in its opposition.

"Publication," as required for slander, means communication to a third person who understands the defamatory meaning of the statement. *Dible v. Haight Ashbury Free Clinics*, 170 Cal.App.4th 843, 854, 88 Cal.Rptr.3d 464 (2009). "Publication" does not require dissemination to a substantial number of individuals; rather, it is sufficient that the slander "is communicated to a single individual other than the one defamed." *Lindquist v. Reusser*, 7 Cal.4th 1193, 1203, 875 P.2d 1279 (1994). "A statement made to the defamed person alone is not published." 5 WITKIN, SUMMARY OF CALIFORNIA LAW (10th ed. 2005) Torts, § 535, 786 (citing Rest.2d, Torts §§ 558, 577.

The FAC contains the following allegations to support Plaintiff's defamation claim:

> 42. After Plaintiff complained about the discriminatory act of Guzman, she was subjected to retaliation in the form of false accusations by Guzman of inappropriate sexual relationship with an inmate and giving away equal or value to an inmate. The said defamation was oral. The allegation against Plaintiff was that an inmate stated that someone

11

> named Ana had a sexual relation with him. Plaintiff's name is Anita not Ana, but Plaintiff was singled out for investigations and harassments. Plaintiff was subsequently terminated on March 24, 2009, because of these false allegations motivated solely by racial discrimination and retaliation.
>
> 43. At the time Guzman made the defamatory statements alleged hereinabove, Guzman knew that the statements were false and made them with malice to disparage and injure Plaintiff's reputation in the community. Plaintiff's friends and family members found out that Plaintiff was terminated by Defendants for allegedly having sexual relations with an inmate.

Doc. 18, ¶ 12. From these allegations, it is unclear whether Mr. Guzman made the allegedly false accusations solely to Plaintiff (which is not publication) or to another person (which is publication). The allegation that Plaintiff's friends and family members "found out" that Plaintiff was terminated by Defendants for allegedly having sexual relations with an inmate is not equivalent to an allegation that Mr. Guzman made the statement to a third party.

CCA argues that Plaintiff should not have further leave to amend because such amendment would be futile or otherwise subject to dismissal. It is unclear whether additional amendment to Plaintiff's defamation claim would be futile or otherwise subject to dismissal. One final opportunity will be afforded.

CCA's motion to dismiss Plaintiff's sixth cause of action is GRANTED with leave to amend. Plaintiff shall file a Second Amended Complaint, which shall serve as the operative Complaint in this action, within ten (10) days of electronic service of

this memorandum decision.

## V.   V. CONCLUSION

For the reasons stated:

1. CCA's Motion to Strike is DENIED.

2. CCA's Motion to Dismiss Plaintiff's Sixth Claim for Defamation is GRANTED as to the publication requirement, with leave to amend the First Amended Complaint one final time. Plaintiff shall file a Second Amended Complaint in accordance with this decision within ten (10) days of electronic service of this memorandum decision.

3. CCA shall submit a proposed form of order consistent with this memorandum decision within five (5) days of electronic service of this memorandum decision.

SO ORDERED.

DATED: April 25, 2011

                                                 /s/ Oliver W. Wanger
                                                Oliver W. Wanger
                                            United States District Judge