IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANITA WASHINGTON,<br><br>       Plaintiff,<br><br>    v.<br><br>CALIFORNIA CITY CORRECTION CENTER; CCA OF TENNESSEE, LLC; and DOES 1 to 20,<br><br>       Defendants. | 1:10-cv-02031-AWI-JLT<br><br>**ORDER RE: EX PARTE APPLICATION FOR ORDER REOPENING TIME TO FILE MOTION FOR JUDGMENT ON THE PLEADINGS AND/OR MOTION TO DISMISS**<br><br>(Doc. 55) |

## I. INTRODUCTION

Defendant CCA of Tennessee, LLC (erroneously sued as California City Correction Center) has filed an ex parte application for order reopening time to file a motion for judgment on the pleadings and/or motion to dismiss. For reasons discussed below, the application shall be granted conditionally for the limited purpose of conducting a second round of summary judgment proceedings.

## II. FACTS AND PROCEDURAL BACKGROUND

On February 22, 2011, plaintiff Anita Washington (hereinafter referred to as "Plaintiff") filed the third and final iteration of her first amended complaint against defendants California City Correction

Center, CCA of Tennessee, LLC and Does 1 to 20, asserting causes of action for (1) discrimination, (2) wrongful termination in violation of public policy, (3) failure to prevent discrimination, (4) retaliation, (5) intentional infliction of emotional distress and (6) defamation. The first through fifth causes of action were asserted solely against defendant CCA of Tennessee, LLC (hereinafter referred to as "Defendant"); the sixth cause of action was asserted against all defendants.

On February 28, 2011, Defendant filed a motion to dismiss the sixth cause of action for defamation pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court (Wanger, J.) granted Defendant's motion to dismiss the sixth cause of action with leave to amend on April 25, 2011 and directed Plaintiff to file a second amended complaint within ten days of entry of the order. *Washington v. California City Correction Center,* slip copy, 2011 WL 1566742 (E.D.Cal. April 25, 2011) (*Washington I*), at *5-*6. No second amended complaint was ever filed by Plaintiff.

On March 30, 2012, Defendant filed a motion for summary judgment or summary adjudication in the alternative pursuant to Federal Rule of Civil Procedure 56. In an order issued May 9, 2012, the Court granted summary adjudication in favor of Defendant as to the second and fourth causes of action for wrongful termination in violation of public policy and retaliation, but denied summary adjudication as to the first, third and fifth causes of action for discrimination, failure to prevent discrimination and intentional infliction of emotional distress. *Washington v. California City Correction Center,* slip copy, 2012 WL 1657579 (E.D.Cal. May 10, 2012) (*Washington II*).

On May 21, 2012, Defendant filed an ex parte application for order reopening time to file a motion for judgment on the pleadings and/or motion to dismiss, contending such motions are necessary and appropriate because the remaining claims are outside the Court's subject matter jurisdiction. In particular, Defendant contends the discrimination-related causes of action are barred under the one-year statute of limitations for exhaustion of administrative remedies under the California Fair Employment and Housing Act (FEHA, Cal. Gov. Code, §§ 12900 et seq.). Defendant further contends the cause of action for intentional infliction of emotional distress is barred by the exclusive remedies available under California's Workers' Compensation Act (WCA, Cal. Lab. Code,

2

§§ 3200 et seq.). Neither issue was raised in Defendant's motion for summary judgment.

On May 22, 2012, the Court reviewed Defendant's ex parte application and found it raised significant issues. Accordingly, the Court directed Plaintiff to file a response.

On May 24, 2012, Plaintiff filed her opposition to Defendant's ex parte application, contending there were actionable adverse employment actions occurring within FEHA's one-year statute of limitations. Plaintiff further contends emotional distress injuries resulting from unlawful discrimination are exempted from the WCA exclusivity provisions.

## III. DISCUSSION

**A. *FEHA statute of limitations*** – As a threshold matter, Defendant contends Plaintiff's causes of action for discrimination and failure to prevent discrimination are barred as a matter of law because Plaintiff did not file an administrative complaint within one year of her September 2007 demotion from Senior Correctional Officer to Correctional Officer, the adverse employment action underpinning the foregoing causes of action. FEHA provides that subject to certain statutory exceptions, "No [administrative] complaint may be filed after the expiration of one year from the date upon which the alleged unlawful practice or refusal to cooperate occurred[.]" Cal. Gov. Code, § 12960, subd. (d). "[A]ny conduct occurring [outside this time frame] cannot serve as the basis for liability [under FEHA] unless some exception to the one-year limitations period applies." *Cucuzza v. City of Santa Clara,* 104 Cal.App.4th 1031, 1040, 128 Cal.Rptr.2d 660 (2002). In this case, Plaintiff filed her administrative complaint on January 26, 2009. The only adverse employment actions occurring within one year of the complaint were the allegedly false accusations made against Plaintiff and Plaintiff's termination; Plaintiff's demotion predated the complaint by more than one year. Thus, Plaintiff may not rely on the demotion as a basis for the discrimination or failure to prevent discrimination claims unless an exception to the one-year limitations period applies.

Section 12960, subdivision (d) "identifies four exceptions: (1) a 90-day extension in

instances of delayed discovery of the unlawful practice; (2) a one-year extension in certain instances of delayed discovery of the identity of the actual employer; (3) a one-to-three-year extension for Ralph Hate Crimes Act ([Cal.] Civ. Code, § 51.7) violations in cases of delayed discovery of the perpetrator's identity; and (4) an extension of one year after an aggrieved party achieves the age of majority if the misconduct occurred while the party was a minor[.]" *McDonald v. Antelope Valley Community College Dist.,* 45 Cal.4th 88, 106-107, 84 Cal.Rptr.3d 734, 194 P.3d 1026 (2008) (citing Cal. Civ. Code., § 12960, subd. (d)(1)-(4)). The record, however, contains no evidence to support the application of any of these exceptions. In *McDonald, supra,* the California Supreme Court held that, aside from the foregoing exceptions, the one-year statute of limitations could be equitably tolled where the employee voluntarily pursues an internal administrative grievance procedure. 44 Cal.4th at 108-114. Problematically for Plaintiff, there is no evidence to suggest Plaintiff ever pursued an internal grievance procedure. The only internal "procedure" Plaintiff arguably took was to complain to another supervisor about her immediate supervisor's discriminatory conduct. Plaintiff has provided no authority – and the Court's research reveals no authority – to suggest this action could conceivably support equitable tolling. Accordingly, Plaintiff is barred from pursuing recovery for acts of discrimination occurring more than one year before January 26, 2009. Thus, to the extent the discrimination and failure to prevent discrimination claims are premised on the September 2007 demotion (and any misconduct predating the demotion), the claims should be dismissed.

In her opposition to Defendant's ex parte application, Plaintiff now contends there was a separate, independently actionable adverse employment action aside from the September 2007 demotion that occurred within the FEHA one-year statute of limitations. In support of this contention, Plaintiff points to her declaration, submitted in opposition to Defendant's motion for summary judgment or summary adjudication, wherein Plaintiff testified as follows:

> "In or around September or October 2008, I asked Mr. Guzman not to place me in transit because the high blood pressure medication I was taking made me drowsy. He placed me in transit anyways and I was demoted to the position of Correction Officer by Mr. Guzman because I was allegedly drowsy in transit."

From this, Plaintiff contends there is sufficient evidence to show Plaintiff suffered an adverse employment action sometime in Fall 2008, only several months before she filed her administrative complaint in January 2009. Problematically for Plaintiff, the evidence in the record shows Plaintiff had already been placed in transit as early as 2005, and was still working in transit as late as 2007. At the very least, the Court would like an explanation as to how, absent evidence of an intervening transfer (which was not provided here), Plaintiff could have been "re-placed" into transit by Guzman in 2008. The evidence in the record further shows Plaintiff had already been demoted from Senior Correctional Officer to Correctional Officer in September 2007. The Court would like an explanation as to how, absent evidence of an intervening promotion (which was also not provided), Plaintiff could have been "re-demoted" to Correctional Officer by Guzman in 2008.

Plaintiff further alludes to the continuing violation doctrine by contending that even if the September 2007 demotion were the only adverse employment action in this case, the discriminatory conduct resulting in that demotion continued to Plaintiff's termination. "[T]he continuing violation doctrine comes into play when an employee raises a claim based on conduct that occurred in part outside the limitations period." *Richards v. CH2M Hill, Inc.,* 26 Cal.4th 798, 812, 111 Cal.Rptr.2d 87, 29 P.3d 175 (2001). For the doctrine to apply, "at least one act [proscribed under FEHA] must occur *within* the limitations period." *Thompson v. City of Monrovia,* 186 Cal.App.4th 860, 879, 112 Cal.Rptr.3d 377 (2010) (emphasis added). The employee must also show "the employer's unlawful actions are (1) sufficiently similar in kind [to conduct occurring within the statutory period] . . . ; (2) have occurred with reasonable frequency; (3) and have not acquired a degree of permanence." *Richards, supra,* at p. 823 (citations omitted). If Plaintiff intends to invoke the continuing violation doctrine, the Court would like some argument or evidence as to how it applies.

**B. Workers' compensation exclusivity** – Defendant further contends Plaintiff's claim for intentional infliction of emotional distress arises out of ordinary workplace conduct and is therefore barred under the exclusive workers' compensation remedies provisions of the California Labor Code. An

5

injured employee's "sole and exclusive remedy . . . against [an] employer" is "the right to recover [workers'] compensation," provided certain conditions of compensation are met. Cal. Lab. Code, § 3602, subd. (a). "[W]hen the misconduct attributed to the employer is actions which are a normal part of the employment relationship, such as demotions, promotions, criticism of work practices, and frictions in negotiations as to grievances, an employee suffering emotional distress causing disability may not avoid the exclusive remedy provisions of the Labor Code by characterizing the employer's decisions as manifestly unfair, outrageous, harassment, or intended to cause emotional disturbance resulting in disability. The basis of compensation and the exclusive remedy provisions is an injury sustained and arising out of the course of employment [citations], and when the essence of the wrong is personal physical injury or death, the action is barred by the exclusiveness clause no matter what its name or technical form if the usual conditions of coverage are satisfied. [Citation.]" *Cole v. Fair Oaks Fire Protections Dist.,* 43 Cal.3d 148, 160, 233 Cal.Rptr. 308, 729 P.2d 743 (1987). Thus, "when the employee's claim is based on conduct normally occurring in the workplace, it is within the exclusive jurisdiction of the Workers' Compensation Appeals Board." *Cole, supra,* at p. 151.

"The Legislature, however, did not intend that an employer be allowed to raise the exclusivity rule for the purpose of deflecting a claim of discriminatory practices. [Citations.] [¶] Thus, a claim for emotional and psychological damage, arising out of employment, is not barred where the distress is engendered by an employer's illegal discriminatory practices.' " *Murray v. Oceanside Unified School Dist.,* 79 Cal.App.4th 1338, 1362, 95 Cal.Rptr.2d 28 (2000) (quoting *Accardi v. Superior Court,* 17 Cal.App.4th 341, 352 21 Cal.Rptr.2d 292 (1993) (disapproved of on other ground by *Richards, supra,* 26 Cal.4th 798 (2001))) (emphasis omitted). "Accordingly, where a plaintiff can allege that she suffered emotional distress because of . . . violations that were discriminatory, her cause of action for infliction of emotional distress will not be barred by the exclusivity provisions of workers' compensation laws. This is so because the claim is 'founded upon actions that are outside the normal part of the employment environment . . . .' " *Murray, supra,* 79 Cal.App.4th at 1363 (quoting *Accardi, supra,* 17 Cal.App.4th at 353); *see Gantt v. Sentry Insurance,* 1 Cal.4th 1083,

6

1101, 4 Cal.Rptr.2d 874, 824 P.2d 680 (1992) (overruled on other ground by *Green v. Ralee Engineering Co.,* 19 Cal.4th 66, 78 Cal.Rptr.2d 16, 960 P.2d 1046 (1998)) (the " 'compensation bargain' cannot encompass conduct, such as . . . racial discrimination, 'obnoxious to the interests of the state and contrary to public policy and sound morality' ").

In its May 9, 2012 order denying Defendant's motion for summary judgment, the Court noted that discrimination in the workplace, if sufficiently alleged, could constitute outrageous conduct for purposes of a claim for intentional infliction of emotional distress. *Washington II, supra,* 2012 WL 1657579 at *16 (citing *Fisher v. San Pedro Peninsula Hospital,* 214 Cal.App.3d 590, 618, 262 Cal.Rptr. 842 (1989)). Defendant presented no argument or evidence to meet its initial burden of demonstrating the absence of genuine issues of material fact as to emotional distress other than to contend, without merit, that Plaintiff's claim arose out of ordinary personnel and management decisions that were neither extreme nor outrageous as a matter of law. As a result, because the Court found Plaintiff had met her burden to show genuine issues of material fact as to actionable discrimination, *see Washington II, supra,* 2012 WL 1657579 at *8-*10, the Court concluded the emotional distress claim survived summary judgment. *Id*. at *16. Because the emotional distress claim arises out of discrimination, it is not barred by the workers' compensation exclusivity rule.

That the discrimination claim could conceivably be dismissed for Plaintiff's failure to file an administrative complaint within the one-year statute of limitations for exhaustion of administrative remedies under FEHA would not provide a basis for dismissal of the emotional distress claim irrespective of the Court's previous findings. In contrast to Plaintiff's cause of action for discrimination, which – as a statutory FEHA claim – is subject to the exhaustion requirement, *Grant v. Comp USA, Inc.,* 109 Cal.App.4th 637, 645, 135 Cal.Rptr.2d 177 (2003), Plaintiff's cause of action for emotional distress – as a common law claim – is not. *Rojo v. Kliger,* 52 Cal.3d 65, 82-88, 276 Cal.Rptr. 130, 801 P.2d 373 (1990) (claim for intentional infliction of emotional distress arising out of workplace discrimination not subject to FEHA exhaustion requirement). Indeed, to dismiss an emotional distress claim premised on discrimination where the underlying discrimination

claim would be dismissed not because of a lack of triable issues but administrative noncompliance, as is potentially the case here, would be akin to grafting an exhaustion requirement onto a common law cause of action. Such a result would effectively circumvent the mandates of *Rojo, supra.* Accordingly, Plaintiff's cause of action for intentional infliction of emotional distress likely remains operative against Defendant. If Defendant wishes to pursue the exclusivity argument, the Court would like some argument or evidence to show how the foregoing analysis is inapplicable here.

## IV. DISPOSITION

Based on the foregoing, Defendant's ex parte application shall be GRANTED conditionally for the limited purpose of conducting a second round of summary judgment proceedings ONLY as to the issues of (1) FEHA statute of limitations and (2) workers' compensation exclusivity.

Defendant shall file a second motion for summary judgment or summary adjudication on or before 4:00 p.m. on Monday, June 11, 2012. Plaintiff shall file an opposition on or before 4:00 p.m. on Monday, June 25, 2012. Defendant may file a reply by 4:00 p.m. on Monday, July 2, 2012. Oral arguments shall be set for hearing on Monday, July 9, 2012 at 1:30 p.m. in courtroom 2.

The pretrial conference of May 31, 2012 and the trial date of July 10, 2012 are hereby VACATED.

IT IS SO ORDERED.

Dated:   May 25, 2012

_____
CHIEF UNITED STATES DISTRICT JUDGE